FILED
CLERK, U.S. DISTRICT COURT
OCT 14 2014
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRCK VAN AUDENHOVE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; SHERIFF STANLEY SNIFF, an individual; DEPUTY SERGEANT GRECO, an individual; DEPUTY SHERIFF BIONDI (ID#4174), an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: EDCV14000944-FMO(Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE: PEACE OFFICER PERSONNEL FILES |

Pursuant to the Parties Stipulation filed on October _13_, 2014, IT IS HEREBY ORDERD AS FOLLOWS:

**Scope**

1.  The Protective Order shall govern all documents produced or disclosed in this action, or any information disclosed from those documents during a deposition or any pleadings filed with this Court, in this Action by either party (the "Designating Party") to the other party ("the Receiving Party").

### Confidential Information

2. "Confidential Information" means:

   (A) Any information contained in a document that is stamped with "Confidential" or "Confidential – Subject to Protective Order"; or

   (B) Any information contained in a document that is stamped with "Confidential – Attorney's Eyes Only."

3. Stamping "Confidential," "Confidential – Subject to Protective Order" or "Confidential – Attorney's Eyes Only" on the cover of a multiple page document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party.

### Permissible Disclosure of Confidential Information

**A.  Confidential Information**

4. Subject to Paragraph 6, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential – Subject to Protective Order" to the following people:

   (A) Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

   (B) Stenographic employees, court reporters and videographers recording or transcribing testimony by such counsel;

   (C) The Court, Special Master appointed by the Court, mediator, and any members of their staff whom it is necessary to disclose the information;

   (D) Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

   (E) Subject to Paragraphs 10 through 12, any witness during a deposition.

**B.  Confidential Information – Attorney's Eyes Only**

5. Subject to Paragraph 6, the Receiving Party may show and deliver documents stamped with "Confidential – Attorney's Eyes Only" to the following people:

        (A)    Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

        (B)    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

        (C)    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

        (D)    Any outside consultant or expert whether formally retained or not; and

        (E)    Subject to Paragraphs 10 through 12, any witness during a deposition.

6.    If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading the Protective Order, such person shall sign a Certification, the form annexed thereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The Receiving Party shall retain all executed Certifications until the end of the instant litigation. In the event of a possible violation of this protective order, during the pendency of this litigation, and upon a showing of good cause, the Court may order production of the executed Certifications to the Designating Party. Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation. No more than thirty (30) calendar days after the end of this litigation in the instant case (as defined *infra* in Paragraph 7), the Receiving Party shall provide all executed Certifications to the Designating Party.

7.    The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

/ / /

/ / /

### Use of Confidential Information

8.   Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

9.   Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than a manner provided for in this Protective Order.

10.   If Confidential Information is used, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential – Subject to Protective Order" or "Confidential – Attorney's Eyes Only" depending on the nature of the Confidential Information used. If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance with Paragraph 18 of the Protective Order.

11.   A copy of the Order shall be attached as an exhibit to said deposition transcripts and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition or portions thereof, any copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or videotape of said deposition shall be subject to the Protective Order. A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographers shall be subject to the Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be subject to the Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or

WALKER TRIAL LAWYERS, LLP
31618-1 RAILROAD CANYON ROAD
CANYON LAKE, CALIFORNIA 92587
TELEPHONE: 951.667.5792

4
Protective Order re: Peace Officer Personnel Files
Case No. EDCV 14000944-FMO(Ex)

entities other than counsel of record in the instant litigation.

12. Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or confidential information therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographers, if any, and any of the named parties in the action. In the event Confidential Information marked "Attorney's Eyes Only" is to be used in the deposition, then the receiving party or parties shall continue to be permitted. Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

**Protection of Confidential Information**

13. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

14. Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. Upon receiving such notice, the original Designating Party shall bear the burden and cost of opposing the subpoena or request for production. In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information.

15. No more than thirty (30) calendar days after the end of litigation (as defined *infra* in Paragraph 7), in the instant case, the Receiving Party, and every other person and/or entity

who received Confidential Information shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

### Challenges to Designation

16. Any party may object to the propriety of the designation of Confidential Information by serving a writing Objection to the Designating Party. The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with the Federal Rules of Civil Procedure and Local Rules in noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date. All subsequent proceedings related to such challenge will be in accordance with the Local Rules.

### Filing Confidential Information in Court Records

17. Documents covered by the protective order are authorized to be filed under seal. Any documents filed under seal must be done so in accordance with the Local Rules. Any document filed under seal will remain sealed unless the Court orders the documents to be unsealed in accordance with the Local Rules. Nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on the grounds, including, but not limited to, relevance and privilege.

### Special Provisions

18. It is stipulated that documents subject to this protective order will be the personnel files of any of the named Defendant peace officers or any peace officers employed by Defendant County of Riverside and shall be stamped as "Confidential."

19. It is stipulated that documents subject to this protective order will be any complaints and/or internal affairs records, to include the disciplinary records of deputies employed by the County of Riverside, into allegations against County of Riverside peace officers arresting individuals without probable cause, unlawfully arresting individuals and allegations that arrestees' *Miranda* rights were violated and shall be stamped as "Confidential."

///

20. It is stipulated that the Designating Party may redact the following information from the peace officers' personnel files: social security numbers; residential addresses; residential telephone numbers (but must not redact cell phone numbers); passport numbers; driver's license numbers; and insurance policy numbers.

21. It is stipulated that, unless good cause can be shown by the Receiving Party, that the Designating Party may exclude from the personnel files provided any medical or psychological records of the peace officer unless said records contain any information regarding the incident subject of the pending litigation.

22. It is stipulated that the relevant time period for any documents to be produced will be for five (5) years preceding the incident to the date of trial or, from January 1, 2008 to the date a jury is selected in this matter.

**Miscellaneous Provisions**

23. The Defendants make no concessions as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

24. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

25. Any documents or information, not specifically described herein, but originating out of any personnel file, as defined by California Penal Code§§832.5, 832.7 and 832.8, will be designated as "Confidential."

26. By written agreement of the parties, or upon motion and order of the Court, the terms of the Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

27. The Designating Party agrees to provide any documents subject to the protective order as requested by the Plaintiff within ten (10) days of the Court signing the Protective Order.

**ORDER**

The Protective Order is **GRANTED**.

IT IS SO ORDERED

Dated: 10/14/14

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Van Audenhove v. County of Riverside, et al.*, Case No. EDCV13000944-FMO(Ex), and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to handling, use and disclosure of each Confidential Document. I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

Dated: _____     Signature: _____